BRITISH–AMERICAN TOBACCO CO., Limited, v. BRITISH–
AMERICAN CIGAR STORES CO.

(District Court, S. D. New York.   June 6, 1913.)

No. 59.

TRADE-MARKS AND TRADE-NAMES (§ 92*)—UNFAIR COMPETITION—RIGHT TO
USE OF CORPORATE NAME.

A bill by the British-American Tobacco Company, Limited, a British
corporation manufacturing tobacco products, which it sells to jobbers
and retailers only, *held* not to state a cause of action for an injunction
against the British-American Cigar Stores Company, an American cor-
poration selling tobacco products at retail only, to restrain it from us-
ing the words "British-American" in its corporate title, where it was not
alleged that the words had acquired a secondary signification in connec-
tion with complainant's products, and the bill showed that the parties
were not in competition with each other.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 102, 103; Dec. Dig. § 92.*]

In Equity.   Suit by the British-American Tobacco Company, Lim-
ited, against the British-American Cigar Stores Company.   On motion
to dismiss bill under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi).
Motion granted.

Nicoll, Anable, Lindsay & Fuller, of New York City, for complain-
ant.

Kearny & Dickinson, of New York City, for defendant.

WARD, Circuit Judge.   The bill alleges that the complainant, the
British-American Tobacco Company, Limited, a British corporation,
is and for some years past has been widely known both in this country
and abroad as a manufacturer of tobacco products; that, although its
charter authorizes it to sell at retail, it does not do so, but for good
reasons stated sells only to jobbers and retailers; that the defend-
ant has very lately been incorporated under the laws of New Jersey,
and admitted to do business in this state under the corporate title Brit-
ish-American Cigar Stores Company, and is engaged in the retail to-
bacco business, selling to consumers solely.

Although the names are not identical, and the complainant does
only a wholesale and the defendant a retail business, it is difficult to
resist the conviction that the defendant has used these words in its
corporate title in order to profit in some way by the complainant's rep-
utation, if not in the sale of its goods, then in the placing of its cap-
ital stock.   If it had only wanted, as it alleges, a name descriptive of
its intention to establish a chain of stores in Canada and the United
States, other words, such as "Canadian-American Cigar Stores Com-
pany" would have served as well.

The bill challenges the right of the defendant to use the words
"British-American" as a part of its corporate title, and prays that such
use may be enjoined.   The words, being geographical, cannot be ap-
propriated as a trade-mark.   If the bill had alleged that they had ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quired a secondary signification in connection with the complainant's products, and that the defendant was by using them selling its goods as the complainant's and getting the benefit of the complainant's business, an injunction might issue. But, on the contrary, the bill shows that the parties are not in competition with each other, and expressly states as its grievance that jobbers and retailers buy as little as possible of a manufacturer who competes with them by retailing. It is for this reason that it does not retail and does not wish to be thought to do so. Though the similarity of names may in this way injure the complainant with jobbers and retailers, who are confused thereby and led to suppose that the complainant is .doing a retail business, I do not think this fact gives it the exclusive right to the use of the words.

The motion to dismiss the bill is granted.